**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DION SWINDELL, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

        Plaintiff,

        v.

SAMARITAN DAYTOP VILLAGE, INC.,
and MITCHELL NETBURN,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

    Plaintiff DION SWINDELL ("Plaintiff SWINDELL", or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SAMARITAN DAYTOP VILLAGE, INC. ("Corporate Defendant"), and MITCHELL NETBURN ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

    1. Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he and others similarly situated are entitled to recover from Defendants:

(1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2.   Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) unpaid spread of hours premium; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.   Plaintiff, DION SWINDELL, is a resident of Ulster County, New York.

6.   Defendants operate programs and residential treatment centers with more than 50 locations in Queens, New York, Kings, Westchester, Richmond, Rockland, Suffolk, Dutchess, and Ulster County. The centers also provide programs for treatment for substance use, services for veterans, and programs for homeless individuals, women and children, seniors and families.

7.   Corporate Defendant SAMARITAN DAYTOP VILLAGE, INC., is a domestic not-for-profit corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 138-02 Queens Boulevard, Briarwood, New York, NY 11435.

8.   Individual Defendant MITCHELL NETBURN is the President and Chief Executive Officer of Corporate Defendant SAMARITAN DAYTOP VILLAGE, INC. Defendant

MITCHELL NETBURN exercises operational control as it relates to all employees, including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant MITCHELL NETBURN exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, employees of the SAMARITAN DAYTOP VILLAGE, INC. could complain to Defendant MITCHELL NETBURN directly regarding any of the terms of their employment, and Defendant MITCHELL NETBURN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, terminating or hiring such employees, or designate others to effect any changes. Defendant MITCHELL NETBURN exercised functional control over the business and financial operations of Corporate Defendant. Defendant MITCHELL NETBURN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Class.

9.   At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to client case managers, house managers, nurses, counselors, and social workers among others, employed

by Defendants on or after the date that is six (6) years before filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid wages, including overtime, due to time shaving; (ii) liquidated damages; and (iii) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to client case managers, house managers, nurses, counselors, and social workers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held,

and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to time shaving; (ii) unpaid spread of hours premium; (iii) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (iv) failing to provide proper wage statements per requirements of NYLL.

19. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Member for their work;

d) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

e) Whether Defendants caused time shaving by not paying Plaintiff and Class Members for all actual hours worked;

f) Whether Defendants paid Plaintiff and Class Members the New York State "spread of hours" premium when their workdays exceeded ten hours;

g) Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

h) Whether Defendants provided proper wage statements to employees as

required under NYLL.

## **STATEMENT OF FACTS**

24. In or around August 8, 2017, Plaintiff DION SWINDELL was hired by Defendants to work as an "Overnight House Manager" for Defendants' Samaritan Village center located at 88 Fox Hollow Rd, Rhinebeck, NY 12572. Plaintiff was terminated in or around January 2021.

25. Throughout Plaintiff SWINDELL's employment with Defendants, he was scheduled to work five (5) days per week. Three (3) days for eight (8) hours per day, and two (2) days for ten (10) hours per day, for a total of forty-four (44) hours per week. FLSA Collective Plaintiffs, and Class Members worked similar hours.

26. From the start of his employment until in or around June 2020, Plaintiff SWINDELL was paid at an hourly rate of fifteen dollars and ten cents ($15.10) per hour and an overtime rate of twenty-two dollars and sixty-five cents ($22.65) per hour. From in or around June 2020 until the end of his employment, Plaintiff SWINDELL was paid at an hourly rate of sixteen dollars ($16.00) per hour and an overtime rate of twenty-four dollars ($24.00) per hour. FLSA Collective Plaintiffs, and Class Members were paid at similar rates.

27. Throughout their employment with Defendants, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not always paid the overtime premium of one-and-one-half times their regular rate of pay for their hours worked in excess of forty (40) per week due to time shaving, as required under the NYLL.

28. Throughout his employment with Defendants, Plaintiff was time shaved and not compensated for all his hours worked. Plaintiff would come in one (1) hour early two (2) times a week and work before his shifts started. Plaintiff was further time shaved because he would be required to clock out at the end of his schedules but would continue to work for three (3) more

hours twice (2) a week. As a result, Plaintiff was time shaved a total of eight (8) hours per week. FLSA Collective Plaintiffs, and Class Members also suffered from Defendants' illegal time shaving policy because they were not paid for all hours worked.

29. Defendants further time shaved Plaintiff, FLSA Collective Plaintiffs, and Class Members because even though they were not compensated during meal breaks, of one (1) hour in length, they were required to work through all meal breaks. As a result, Plaintiff was time shaved an additional five (5) hours per week. FLSA Collective Plaintiffs, and Class Members suffered from Defendants' illegal time shaving policy because they were not paid for meal breaks they could not take.

30. Plaintiff and Class Members regularly worked days that exceeded ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class Members the spread of hours premium for workdays that exceeded ten (10) hours in length.

31. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interests in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

32. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek due to time shaving, in violation of the FLSA and NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice to Plaintiff and Class Members as required under the NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of FLSA.

40. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

41. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty (40) hours a week due to time shaving.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiff or FLSA Collective Plaintiffs of their rights under FLSA.

45. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable unpaid wages, including overtime, due to time shaving, plus an equal amount as liquidated damages.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

48. At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

49. Defendants violated Plaintiff's and Class Members' rights by failing to pay overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to time shaving, in violation of the NYLL.

50. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

51. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with wage notice, at date of hiring and annually thereafter, as required under the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with proper wage statements as required under the NYLL. Defendants provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation from Plaintiff and Class Members.

53. Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving; unpaid spread of

hours premiums; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and NYLL;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid wages, including overtime, due to Defendants time shaving policy due under the FLSA and NYLL;

d.      An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

e.      An award of unpaid "spread of hours" premium due under the NYLL;

f.      An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the FLSA;

13

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay compensation for all hours worked and overtime compensation for

all hours worked over forty (40) per workweek, pursuant to the NYLL;

i.    An award of prejudgment and post judgment interest, costs and expenses of this

action together with reasonable attorneys' and expert fees;

j.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.    Designation of this action as a class action pursuant to F.R.C.P. 23;

l.    Designation of Plaintiff as Representative of the Class; and

m.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated: December 22, 2022                           Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:      _/s/ C.K. Lee_
         C.K. Lee (CL 4086)
         Anne Seelig (AS 3976)
         148 West 24th Street, 8th Floor
         New York, NY 10011
         Tel.: (212) 465-1188
         Fax: (212) 465-1181
         *Attorneys for Plaintiff,*
         *FLSA Collective Plaintiffs, and the Class*